110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Alberto CASTANEDA-AVILES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70374.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Adi-myf-hfb.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Alberto Castaneda-Aviles, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals' ("BIA") affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a) and 1253(h). We review for substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Castaneda-Aviles contends that the IJ erred by finding that he neither suffered past persecution nor had a well-founded fear of future persecution based on his imputed political opinion.[1] We disagree.
 
 
 4
 We review the factual findings underlying the BIA's denial of asylum and withholding of deportation, as well as its credibility findings, under the substantial evidence standard. See Berroteran-Melendez, 955 F.2d 1251, 1255, 1257 (9th Cir.1991). To be eligible for asylum, an applicant must demonstrate past persecution, or a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of future persecution, applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted).
 
 
 5
 Castaneda-Aviles testified that in March or May of 1985, he was abducted by a large number of guerrillas while he was on his way to work. He testified that the guerillas blindfolded him and forced him to carry ammunition on his back into another town. He further testified that he was released approximately four hours later (around 8:00 p.m.) after the guerrillas threatened to kill him and his family if he told anyone of the abduction. Castaneda-Aviles testified that he left El Salvador about two months after his abduction. He stated that he did not leave sooner because his mother was very sick from "nerves." Upon being subsequently questioned by the IJ regarding the specific date of his abduction, Castaneda-Aviles began testifying to an additional abduction that occurred in 1977. Upon further questioning regarding the 1977 abduction, Castaneda-Aviles testified that he was blindfolded and forced to carry a load of ammunition on his back to the same town. He further testified that the 1977 abduction also took place between 4:00 p.m. and 8:00 p.m. When asked why he did not disclose the 1977 incident in his application he stated that at the time of his application the situation in El Salvador was "not as bad then as it is now." Castaneda-Aviles also testified that at one point guerillas came to his house to ask him about the whereabouts of his brother who was once a member of the military. Castaneda-Aviles stated that he believes that he was targeted for persecution by the guerillas based on his imputed political opinion of neutrality and upon his membership in family that contained a former military member.
 
 
 6
 The IJ concluded that Castaneda-Aviles had failed to demonstrate past persecution or a well-founded fear of future persecution. The IJ also found Castaneda-Aviles' testimony lacking in credibility because of the numerous discrepancies within his testimony as well as between his testimony and his written submissions. In particular, the IJ pointed out that Castaneda-Aviles did not mention the 1977 abduction in his application or in his direct testimony and that his account of that abduction was identical to the 1985 account. The IJ stated that it appeared Castaneda-Aviles was "beefing up his claim to asylum with an 11th hour claim that he was kidnapped by guerillas twice."
 
 
 7
 Substantial evidence supports the IJ's factual findings. First, our review of the record confirms that Castaneda-Aviles' testimony is riddled with direct inconsistencies as well as vague and evasive responses. Because the IJ offered "specific, cogent reason[s]" for its rejection of Castaneda-Aviles' testimony, his credibility determination is entitled to substantial deference. See De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). In addition, Castaneda-Aviles' testimony that the guerillas threatened him because of his neutral political views and that the government would think he was a guerrilla because he had carried ammunition for them was too speculative to make out a claim of persecution. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (holding that applicant had failed to show guerrilla threats were made because of political opinion where guerillas had not indicated any knowledge of applicant's political views and applicant had not communicated those views to guerillas). Finally, Castaneda-Aviles testified that his parents, siblings, mother-in-law, and two children continue to reside in El Salvador without any harm. See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987) (applicant's asylum claim undercut by family's continued safety). Accordingly, we affirm the IJ's denial of Castaneda-Aviles' request for asylum.[2]
 
 
 8
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Castaneda-Aviles did not meet the lower standard for a grant of asylum, we affirm the BIA's denial of Castaneda-Aviles' request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 PETITION FOR REVIEW DENIED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the BIA affirmed the IJ's decision regarding the denial of asylum and withholding of deportation "for the reasons stated therein," this court reviews the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)
 
 
 [2]
 To the extent Castaneda-Aviles contends the IJ erred by proceeding with the hearing without awaiting a complete advisory opinion from the Bureau of Human Rights and Humanitarian Affairs ("BHRHA"), his claim fails for lack of prejudice. The BHRHA's response that it had no factual information on Castaneda-Aviles had no effect on the outcome of his case. See Barraza-Rivera v. INS, 913 F.2d 1443, 1447 n. 6 & 1448 (9th Cir.1990) (holding it was unnecessary to decide whether regulations gave applicant a right to a detailed advisory opinion because judge placed little reliance on the brief and conclusory statements submitted by the BHRHA)
 
 
 [3]
 Castaneda-Aviles' contention that the IJ abused its discretion by denying his request for voluntary departure is rendered moot by the BIA's subsequent granting of voluntary departure. Cf. Elnager v. INS, 930 F.2d 784, 786 (9th Cir.1991) (any alleged errors made by IJ may be rendered harmless by subsequent BIA review)